UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WALTER LEE WRIGHT,

    Plaintiff,

v.                                                        Case No. 5:24-cv-215-MW-MJF

SERGEANT BROWN, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Walter Lee Wright, a Florida prisoner proceeding *pro se*, has filed a complaint under 42 U.S.C. § 1983. Doc. 1. The undersigned recommends that this action be dismissed because Wright is a prisoner who has incurred *at least* three strikes, is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*, and failed to pay the filing fee at the time he filed this lawsuit.

### I.  WRIGHT'S COMPLAINT

Wright, DC # B04096, is confined at the Walton Correctional Institution. Doc. 1 at 1-2. Wright is suing two correctional officers at the Holmes Correctional Institution: Sergeant Brown and Officer Golden. *Id*.

Wright claims that on August 14, 2020, Brown and Golden used excessive force on Wright when they peppered-sprayed him for disobeying an order. *Id*. at 5-7. Wright seeks punitive damages. *Id*. at 7.

Wright has not paid the filing fee or filed a motion for leave to proceed *in forma pauperis*. *See* N.D. Fla. Loc. R. 5.3 ("A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915."). As discussed below, Wright is not eligible to proceed *in forma pauperis* and was required to remit the full filing fee with his complaint.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* in a civil action if the prisoner previously filed three or more actions or appeals, while incarcerated, that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1723 (2022). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See*

*Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates suit); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

A.  **Wright Has Three "Strikes"**

Wright has accrued *at least* three strikes, as recognized by a district judge of the Northern District of Florida. *See Wright v. Gunter*, No. 3:22-cv-2888-LC-HTC, 2022 WL 1262551 (N.D. Fla. Apr. 28, 2022) (dismissing Wright's civil rights action under three-strikes provision of 28 U.S.C. § 1915(g), and as malicious). The undersigned takes judicial notice that the following two actions and appeal filed by Wright while incarcerated were dismissed as frivolous or for failure to state a claim:

- *Wright v. Miranda*, No. 1:17-cv-24398-DPG, 2018 WL 692413 (S.D. Fla. Feb. 2, 2018) (civil rights action dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim), *aff'd*, 740 F. App'x 692 (11th Cir. July 10, 2018);

- *Wright v. Martin*, No. 17-12014 (11th Cir. Dec. 19, 2017) (appeal dismissed as frivolous);

- *Wright v. Pearson*, No. 1:17-cv-24338-UU, 2018 WL 10229912 (S.D. Fla. Jan. 22, 2018) (civil rights action dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim), *aff'd*, 747 F. App'x 812 (11th Cir. 2018).

All of the foregoing cases bear Wright's DC# B04096. All of the foregoing strikes were entered before Wright filed this lawsuit.

Because Wright has incurred three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

B.  **Wright Fails to Satisfy the Imminent-Danger Exception**

To satisfy the "imminent danger" exception, "the prisoner must show that he is in imminent danger 'at the time that he seeks to file his suit in district court.'" *Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021) (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999)). An allegation of past imminent danger will not invoke the exception. *Medberry*, 185 F.3d at 1193.

Wright's allegations—that officers at a different prison sprayed him with pepper spray *over four years ago*—do not demonstrate that Wright is in imminent danger of serious physical injury. Because Wright is barred from proceeding *in forma pauperis* and failed to pay the filing

fee at the time he initiated this lawsuit, the District Court must dismiss this case under 28 U.S.C. § 1915(g).[1]

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

2. The clerk of court close this case file.

At Panama City, Florida, this 23rd day of September, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO THE PARTIES**

---

[1] An alternative basis for dismissing this case *with prejudice* is that the four-year statute-of-limitations bar is apparent from the face of Wright's complaint. Florida's four-year statute of limitations for personal injuries applies to claims for deprivations of rights under section 1983. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). A section 1983 claim accrues—and the statute of limitations begins to run—when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (internal quotation marks and citation omitted). The use of force occurred on August 14, 2020. Wright filed his complaint on September 13, 2024.

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** ***See*** **N.D. Fla. Loc. R. 72.2;** ***see also*** **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only.**</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** ***See*** **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**